IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BARBARA TURNER,

    Plaintiff,

v.

BANK OF AMERICA, N.A. and THE
BANK OF NEW YORK MELLON as
Trustee for the Certificateholders of
CWABS, Inc., Asset-Backed
Certificates, Series 2004-10,

    Defendants.

CIVIL ACTION NO.
1:14-CV-2251-AT-LTW

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This case is presently before the Court on Defendants Bank of America, N.A. and the Bank of New York Mellon's Motion to Dismiss. Docket Entry [9]. For the reasons explained below, this Court **RECOMMENDS** that Defendants' Motion to Dismiss be **DENIED IN PART AND GRANTED IN PART**. Docket Entry [9].

### DEFENDANTS' MOTIONS TO DISMISS

### I. BACKGROUND

Plaintiff Barbara Turner ("Plaintiff") filed this lawsuit on June 10, 2014, in the Superior Court of Clayton County, and the matter was removed here on July 16, 2014, on the grounds that this Court has diversity jurisdiction over the case. Plaintiff amended her Complaint on August 12, 2014, and asserted claims arising out of Bank of America, N.A. ("BOA") and Bank of New York Mellon's ("BONY") initiation of foreclosure

proceedings on her residential property in Fayetteville, Georgia. (Am. Compl. ¶¶ 6-16). Specifically, Plaintiff contends that BOA and BONY breached Paragraph 22 of the Security Deed because they initiated foreclosure proceedings without notifying her at least thirty days in advance that they were considering acceleration of the debt and that if she did not cure the default within a certain deadline they would accelerate the debt. (Am. Compl. ¶¶ 13-15, 29). In Count I of Plaintiff's Amended Complaint, Plaintiff asserts that as a result of Defendant's action, the Court should declare that (1) BOA and BONY did not provide her with the proper notice of default and notice of acceleration prior to accelerating her debt and foreclosing on her property; (2) BOA and BONY's failure to provide proper notice violated the Security Deed; (3) BOA and BONY breached the Security Deed when they prematurely commenced foreclosure proceedings against her property; (4) BOA and BONY failed to advise Plaintiff that BONY became her new secured creditor. (Am. Compl. ¶¶ 18-25). In Count II of Plaintiff's Amended Complaint, Plaintiff contends that BOA and BONY breached the Security Deed because they did not provide her with proper notice of default and acceleration prior to initiating foreclosure proceedings. (Am. Compl. ¶¶ 26-30). In Count III of Plaintiff's Amended Complaint, Plaintiff contends that BONY violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), when BONY failed to give her notice of default prior to acceleration of her debt and initiation of foreclosure proceedings. (Am. Compl. ¶¶ 31-35). In Count IV of Plaintiff's Amended Complaint, Plaintiff argues BONY violated the Georgia Fair Business Practices Act ("GFBPA") for the same reason. (Am. Compl. ¶¶ 36-44). Plaintiff contends in Count V of her Complaint that

AO 72A (Rev.8/82)

BONY violated the Truth in Lending Act, 15 U.S.C. § 1641(g) ("TILA"), because BONY did not give her notice within thirty days that it was the new secured creditor of her mortgage loan after Plaintiff's Security Deed was assigned to BONY. (Am. Compl. ¶¶ 45-50).

Defendants contend that Plaintiff's lawsuit should be dismissed because her Amended Complaint consists almost completely of legal conclusions and therefore does not comply with Rules 8 or 12(b)(6) of the Federal Rules of Civil Procedure, and all but Plaintiff's TILA claim are barred by the doctrine of res judicata and collateral estoppel. Defendants further contend that (1) Plaintiff fails to state a claim for breach of contract because the claim is pled in formulaic fashion and devoid of specific facts, and given that no foreclosure sale has taken place yet, Plaintiff cannot demonstrate that she has been damaged by any breach of the Security Deed and any damages she did suffer were actually due to her own default; (2) Plaintiff is not entitled to declaratory relief because she fails to allege the existence of a justiciable controversy; (3) Plaintiff's FDCPA claim fails because it is barred by res judicata and collateral estoppel, BONY is not a debt collector, and foreclosure activity is not debt collection as defined by the FDCPA; (4) Plaintiff fails to state a claim for violation of the GFBPA because it does not apply to mortgage transactions as they are heavily regulated by federal and state statutes; (5) Plaintiff fails to state a claim under TILA for BONY's alleged failure to properly notify Plaintiff of the Assignment of her Security Deed because the Assignment of a Security Deed does not trigger any duty under TILA.

AO 72A
(Rev.8/82)

## II. LEGAL ANALYSIS

### A. Motion to Dismiss Standard

Dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief or it is based on an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford Cnty., 960 F.2d 1002, 1009-10 (11th Cir. 1992). A Rule 12(b)(6) motion to dismiss also tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To state a claim with sufficient specificity requires that the complaint have enough factual matter taken as true to suggest required elements of the claim. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)).

### B. Plaintiff's TILA Claim

Plaintiff contends that BONY violated TILA, 15 U.S.C. § 1641(g) ("Section 1641(g)"), because BOA assigned the interests in the Security Deed and Note to BONY

4

on January 12, 2012, but BONY did not give her thirty days advance notice that her loan was being assigned to a new creditor. (Am. Compl. ¶¶ 9-11, 46-48). Defendants contend that BONY did not violate TILA because the Assignment of Plaintiff's Security Deed to BONY does not trigger any duty under Section 1641(g). Plaintiff's only response is that Defendants are collaterally estopped from relitigating the question of whether Plaintiff has stated a claim for relief under TILA because in the August 2012 action, Plaintiff's TILA claim was dismissed without prejudice with leave to re-file it.

The issue of whether the Assignment of Plaintiff's Security Deed to BONY triggers any duty under Section 1641(g) is not precluded because it was not decided in the 2012 litigation. Plaintiff appears to conflate issue preclusion and claim preclusion. "While claim preclusion bars repetitious suits involving the same cause of action, issue preclusion precludes the re-adjudication of the same issue, where the issue was actually litigated and decided in the previous adjudication . . . ." Cmty. State Bank v. Strong, 651 F.3d 1241, 1263-64 (11th Cir. 2011); Gjellum v. City of Birmingham, 829 F.2d 1056, 1059 n.3 (11th Cir. 1987). As explained by Wright, Miller, and Cooper:

> [I]ssue preclusion arises in a second action on the basis of a prior decision when the same "issue" is involved in both actions; the issue was "actually litigated" in the first action, after a full and fair opportunity for litigation; the issue was "actually decided" in the first action, by a disposition that is sufficiently "final," "on the merits," and "valid"; it was necessary to decide the issue in disposing of the first action . . . .

Gjellum, 829 F.2d at 1059 n.4 (citing 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4416 (1981)). Claim preclusion,

5

on the other hand, bars relitigation of *claims* that could have been raised at the time the prior action was filed as well as those claims that were actually raised in the prior action. Gjellum, 829 F.2d at 1059 n.3; Dormescar v. U.S. Atty. Gen., 690 F.3d 1258, 1268 (11th Cir. 2012). As compared to claim preclusion, the rules of issue preclusion do not purport to prohibit litigation of matters that have never been argued or decided. See Gjellum, 829 F.2d at 1059 n.3; 18 C. Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4416 (2014).

A review of the docket in the 2012 lawsuit reveals that Defendants did not advance the argument that the Assignment of Plaintiff's Security Deed to BONY did not trigger any duty under Section 1641(g). See Turner v. Bank of Am., N.A., No. 1:12-CV-3302-AT, Docket Entry 9, pp. 3, 17-18 (N.D. Ga. Sept. 28, 2012). Thus, the issue was not decided in the previous suit. Turner v. Bank of Am., N.A., No. 1:12-CV-3302-AT, Docket Entry 21, pp. 21-25 (N.D. Ga. July 3, 2013), Docket Entry 23, p. 2 (N.D. Ga. Aug. 22, 2013). Therefore, the requirements for issue preclusion are not met.

Plaintiff, however, has alleged sufficient facts that BONY's duty to notify her of the transfer of her Note to BONY was triggered under Section 1641(g). Section 1641(g) provides:

> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a *mortgage loan* is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the *debt* shall notify the borrower in writing of such transfer, including--
>
> (A) the identity, address, telephone number of the new creditor;

(B) the date of transfer;

(C) how to reach an agent or party having authority to act on behalf of the new creditor;

(D) the location of the place where transfer of ownership of the debt is recorded; and

(E) any other relevant information regarding the new creditor.

15 U.S.C. § 1641(g) (emphasis added). TILA further provides that the term "mortgage loan means any consumer credit transaction that is secured by the principal dwelling of a consumer." 15 U.S.C. § 1641(g)(2). In a recent Eleventh Circuit opinion, a panel of the Circuit concluded that "[b]ased on its plain language, section 1641(g)'s disclosure obligation is triggered only when ownership of the 'mortgage loan' or 'debt' itself is transferred, not when the instrument securing the debt (that is, the mortgage) is transferred." Giles v. Wells Fargo Bank, N.A., 519 F. App'x 576, 578 (11th Cir. 2013); see also Barr v. Flagstar Bank, F.S.B., No. CIV. A. RDB-13-2654, 2014 WL 4660799, *3-5 (D. Md. Sept. 17, 2014). Thus, this Court finds that the Assignment of the interests in the Security Deed to BONY did not trigger any duty under Section 1641(g). However, in this case, Plaintiff has alleged that at the time of the Assignment of the Security Deed to BONY, the interests in the Note were also transferred to BONY. (Am. Compl. ¶ 9). Indeed, Plaintiff attaches a copy of the Assignment to the Amended Complaint, and it too indicates that as of January 26, 2012, not only was the Security Deed transferred to BONY, but also "the note(s) and obligations therein described and

7

the money due and to become due thereon with interest." (Doc. 9-2, p. 2). Plaintiff further contends that neither BOA nor BONY ever advised her that BONY was the new secured creditor of her loan. (Am. Compl. ¶ 11). Based on the facts alleged in the Amended Complaint, it is plausible that the debt was also transferred to BONY and BONY did not send Plaintiff notice that it was the secured creditor. Therefore, Defendants' Motion to Dismiss should be **DENIED** as to Plaintiff's TILA claim.

### C.   Plaintiff's Breach of Contract Claim

Plaintiff contends that Defendants breached Paragraph 22 of the Security Deed because they did not notify her thirty days in advance that they were considering acceleration of the debt, and that if she did not cure the default within a certain deadline they would accelerate the debt. (Am. Compl. ¶¶ 13-15, 29). Plaintiff states that as a result, she "has suffered damage to her credit and reputation, as well as general and nominal damages equal to the costs of bringing this action and attorneys' fees." Defendants contend that Plaintiff's breach of contract claim should be dismissed because Plaintiff's manner of pleading the claim was formulaic and did not include specific facts showing the breach. Additionally, Defendants maintain that no foreclosure sale has occurred, and therefore, Plaintiff cannot demonstrate that she suffered damages as a result of Defendants' alleged breach. Defendants further contend that any damages Plaintiff suffered are as a result of her failure to make proper loan payments and not as a result of Defendants' alleged breach. Finally, Defendants argue that in order to recover for breach of contract, Plaintiff must show that she is the party

8

with the right to complain about the contract being broken and therefore must demonstrate her own performance before she can recover for breach of contract. In response, Plaintiff does not contend that the foreclosure sale actually occurred. Instead, Plaintiff argues that due to Defendants' breach of the Security Deed, she has suffered "damage to her credit and reputation, as well as general and nominal damages equal to the costs of bringing this action, and attorneys' fees." Plaintiff further contends that the language of Paragraph 22 assumes a prior default by Plaintiff, thus the fact of Plaintiff's default by itself does not excuse Defendants' performance of Paragraph 22's provisions.

In order to establish a breach of contract claim under Georgia law, Plaintiff must prove (1) a breach of the contract, and (2) resultant damages (3) for the party who has the right to complain about the contract being broken. Inland Atlantic Old Nat'l Phase I, LLC v. 6425 Old Nat'l, LLC, 329 Ga. App. 671, 677 (2014); Dewrell Sacks, LLP v. Chicago Title Ins. Co., 324 Ga. App. 219, 223 (2013). Here, Plaintiff fails to adequately plead a breach of contract. In a recent Eleventh Circuit opinion, a panel of the Circuit found that a nearly identical complaint did not state a claim for breach of the provisions of the Security Deed requiring notice in advance of acceleration of the plaintiff's loan. Hall v. HSBC Mortg. Servs., Inc., 581 F. App'x 800, 802 (11th Cir. 2014). In that case, the plaintiff proposed amending his complaint to add a claim that defendant breached Paragraph 22 of the Security Deed. Id. at 802. Just as in the instant case, the plaintiff there alleged that "[n]one of the letters issued to plaintiff by HSBC contained a date, not less than 30 days from the date notice was given to plaintiff, by which the default was

AO 72A
(Rev.8/82)

required to be cured; and that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by the Security Deed and sale of the Property." Hall v. HSBC Mortg. Servs., No. 1:13-CV-1964-WSD, Docket Entry [13-1], ¶ 15 (N.D. Ga. Nov. 8, 2013). There, the Eleventh Circuit found that because the plaintiff did not describe the actual content of the letters the defendant sent and did not attach them as exhibits to the proposed amended complaint, plaintiff's allegations were merely "naked assertions devoid of further factual enhancement which did not allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Hall, 581 F. App'x at 802. As a result, the Eleventh Circuit agreed with the District Court that plaintiff's proposed breach of contract claim was futile. Id. Just as in that case, the Plaintiff here has not described the actual content of the letters Defendants sent, and Plaintiff has not attached them to her Amended Complaint. Thus, Plaintiff's Amended Complaint is likewise devoid of the necessary factual support. Accordingly, Plaintiff fails to state a breach of contract claim, and her breach of contract claim should be **DISMISSED**.

### D. Plaintiff's FDCPA and GFBPA Claim

Plaintiff further contends that BONY violated the FDCPA and the GFBPA by failing to provide "adequate notice of default prior to acceleration" and "initiating foreclosure proceedings without making any effort whatsoever to provide said notice to Plaintiff." (Am. Compl. ¶ 34). As noted above, Plaintiff has not adequately pled a factual basis plausibly supporting the notion that Defendants did not provide proper

advance notice of acceleration. Thus, Plaintiff's claim that BONY violated the FDCPA and GFBPA by failing to provide proper advance notice of its intent to accelerate her loan debt fails for the same reasons. Compare Hall, 581 F. App'x at 803 (denying motion to amend to add nearly identical FDCPA claim because plaintiff's "allegations regarding violations of the Fair Debt Collection Practices Act . . . amounted only to unadorned, the-defendant-unlawfully-harmed-me accusations") with Hall v. HSBC Mortg. Servs., No. 1:13-CV-1964-WSD, Docket Entry [13-1], ¶¶ 49-53 (N.D. Ga. Nov. 8, 2013) (proposed amendment asserting nearly identical FDCPA claim); see also Khadija v. Fannie Mae, No. 1:12-CV-02519-WSD-AJB, 2012 WL 6681736, at *9 (N.D. Ga. Nov. 30, 2012) (concluding that plaintiff's GFDPA claims based upon violation of the FDCPA should be dismissed because plaintiff failed to state a claim for violations of the FDCPA). Therefore, Plaintiff's FDCPA and GFBPA claims against BONY should be **DISMISSED**.

E.   **Plaintiff's Request for Declaratory Judgment**

In Count I of Plaintiff's Complaint, Plaintiff requests that the Court declare that the Defendants did not comply with Paragraph 22 of the Security Deed and that Defendants failed to timely advise Plaintiff that BONY was her new secured creditor. Defendants argue Plaintiff's request that the Court declare that they failed to comply with the Security Deed should be dismissed because Plaintiff fails to establish the existence of a justiciable controversy. Defendant reasons that Plaintiff's claim for declaratory relief is duplicative of her breach of contract claim and since she has not

11

AO 72A
(Rev.8/82)

stated a breach of contract claim, she has not stated a justiciable controversy.

In this case, declaratory relief is unwarranted under both federal and state law because there is no actual actionable controversy between Plaintiff and Defendants with respect to Plaintiff's request that the Court declare that Defendant did not comply with the terms of the Security Deed. Under both federal and state law, declaratory judgment may only be issued in cases of actual controversy between parties having adverse legal interests. 28 U.S.C. § 2201(a); O.C.G.A. § 9-4-2(a); MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126-27 (2007); Hall, 581 F. App'x at 803; Building Block Enters., LLC v. State Bank and Trust Co., 314 Ga. App. 147, 152 (2012). Given that, for the reasons stated above, Plaintiff fails to state any valid legal theory supporting her breach of contract claim, Plaintiff also fails to state a claim that she is entitled to a declaratory judgment regarding the same. Carroll v. Bank of Am., N.A., No. 1:12-CV-02506-RWS, 2013 WL 1320755, at *5 (N.D. Ga. Mar. 28, 2013) (dismissing claim for declaratory judgment that bank is not entitled to foreclose on property because given that plaintiffs failed to state a claim with regard to propriety of foreclosure sale they did not state a justiciable controversy), aff'd 537 F. App'x 933 (11th Cir. 2013); Lesman v. Mortg. Elec. Registration Sys., No. 2:12-CV-00023-RWS, 2013 WL 603895, at *5 (N.D. Ga. Feb. 19, 2013) (finding that because plaintiff failed to state underlying state law claims, plaintiff also was not entitled to declaratory judgment because no allegations demonstrated existence of actual controversy); McFarland v. BAC Home Loans Servicing, LP, No. 1:11-CV-04061-RWS, 2012 WL 2205566, at *4 (N.D. Ga. June 14,

2012). Therefore, Plaintiff's claim that the Court should declare that Defendants did not comply with the terms of the Security Deed should be **DISMISSED**.

## CONCLUSION

For the reasons stated above, this Court **RECOMMENDS** that Defendants' Motion to Dismiss be **DENIED IN PART AND GRANTED IN PART**. Docket Entry [9].

**SO REPORTED AND RECOMMENDED** this 11 day of February, 2015.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE