IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BARBARA TURNER, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| BANK OF AMERICA, N.A., AND THE : | CIVIL ACTION NO. |
| BANK OF NEW YORK MELLON, AS : | 1:14-CV-2251-AT |
| TRUSTEE FOR THE : | |
| CERTIFICATEHOLDERS OF : | |
| CWABS, INC., ASSET BACKED : | |
| CERTIFICATES SERIES 2004-10, : | |
| : | |
| Defendant. : | |

## ORDER

This foreclosure-related matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [Doc. 11]. The Magistrate Judge recommends granting Defendants' Motion to Dismiss [Doc. 9] as to all claims except Plaintiff's claim under Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g). For the reasons that follow, the Court **ADOPTS** the Magistrate Judge's R&R.

I. **LEGAL STANDARD**

The Court reviews a Magistrate Judge's R&R for clear error where no objections are lodged. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)(C)] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection"); Fed. R. Civ. P. 72, advisory committee note, 1983

Addition, Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). On the other hand, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted).

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must construe the pleadings of a complaint broadly and in the light most favorable to the plaintiff. *Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). Although a plaintiff is not required to provide "detailed factual allegations" to survive a motion to dismiss, the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

## II.  BACKGROUND[1]

In 2004, Plaintiff Barbara Turner executed a promissory note ("Note") in connection with a residential mortgage loan with Defendant Bank of America,

---

[1] The Court derives this background from the allegations in Plaintiff's Amended Complaint, which the Court accepts as true for purposes of Defendants' Motion to Dismiss.

2

N.A. ("BANA"). (Am. Compl. ¶ 6.) The Note was secured by a security deed (the "Security Deed"). (*Id.* ¶ 7.)

Plaintiff fell behind on her mortgage payments in 2011. (*Id.* ¶ 8.) On January 12, 2012, title and interest in the Security Deed was transferred to Defendant Bank of New York Mellon, as Trustee for the Certificate holders of CWABS, Inc., Asset-Backed Certificates, Series 2004-10 ("BONY"). (*Id.* ¶ 9.) BANA retained servicing rights and remained Plaintiff's primary point of contact on the loan. (*Id.* ¶ 10.) According to Plaintiff, "[n]either BANA nor BONY ever advised [her] that BONY was the new secured creditor of Plaintiff's mortgage loan." (*Id.* ¶ 11.)

BONY, through counsel Rubin Lublin LLC, apparently attempted to initiate foreclosure proceedings in 2012, but Plaintiff's filing of a lawsuit prompted BONY to suspend foreclosure efforts.[2] In Plaintiff's 2012 lawsuit, she alleged that a letter entitled "Notice of Acceleration and Foreclosure," sent by foreclosure counsel Rubin Lublin LLC, violated the Fair Debt Collection Practices Act ("FDCPA") by wrongfully identifying BONY as Plaintiff's creditor. (*See* Compl., ¶¶ 15-18, *Turner v. Bank of America, N.A., et al.*, No. 1:12-CV-3302-AT (N.D. Ga. Sept. 21, 2012).) Plaintiff also appeared to bring a wrongful attempted

---

[2] Plaintiff actually filed two *pro se* Complaints. She filed the first one in March 2012 in the Superior Court of Clayton County, Georgia. *Turner v. Bank of America, N.A.*, No. 2012CV01129-9 (Clayton Cnty. Super. Ct. Mar. 16, 2012). Plaintiff voluntarily dismissed that action in June 2012. She then filed the second Complaint in the Superior Court of Clayton County in August 2012, naming BANA, BONY, and the foreclosure counsel Rubin Lublin LLC. Defendants removed that action to this Court in September 2012. *Turner v. Bank of America, N.A., et al.*, No. 1:12-CV-3302-AT (N.D. Ga. Sept. 21, 2012). The Court dismissed that action with prejudice except as to Plaintiff's claim under the Truth in Lending Act.

foreclosure claim and a claim under the Truth in Lending Act ("TILA"). Upon the Magistrate Judge's recommendation, the Court dismissed all claims except Plaintiff's TILA claim with prejudice. The Court dismissed Plaintiff's TILA claim without prejudice. The 2012 lawsuit was terminated in March 2014.

According to the Complaint in this case, Defendants BANA and BONY initiated foreclosure proceedings shortly after the closing of the 2012 lawsuit. "[O]n or about May 9, 2014," Plaintiff alleges, "BANA and BONY caused to be issued a Notice of Foreclosure Sale and published a corresponding Notice of Sale Under Power (collectively, "Notices"), declaring the loan in default and the entire amount of the Note due and payable." (Compl. ¶ 12.) Plaintiff does not attach these Notices to her Amended Complaint.

Plaintiff alleges that these Notices violated paragraph 22 of the Security Deed. Under paragraph 22, the lender must give the borrower at least 30 days' advance notice of its intent to accelerate the debt. (*Id.* ¶ 13.)

> The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure may result in acceleration of the sums secured by this Security Instrument and sale of the Property.

(*Id.*) If the Lender provides the notice required under paragraph 22, and "the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by the Security Instrument without further demand and may invoke the power of sale granted by the Borrower." (*Id.*)

4

According to Plaintiff, the May 9, 2014 Notices failed "to provide adequate notice of default and acceleration." (*Id.* ¶ 28.) "Rather," Plaintiff alleges, "BANA and BONY accelerated the debt, without prior notice to the Plaintiff, commenced foreclosure proceedings, and conducted a foreclosure sale of the Property, despite clear and unambiguous language in the Security Deed expressing the intent of the parties that the right of acceleration and foreclosure do not accrue under the Security Deed until prior notice of default and acceleration are provided to Plaintiff." (*Id.* ¶ 29.)[3]

Plaintiff also alleges that BONY violated the FDCPA and the Georgia Fair Business Practices Act ("GFBPA") by failing to provide "adequate notice of default prior to acceleration" and "initiating foreclosure proceedings without making any effort whatsoever to provide said notice to Plaintiff." (*Id.* ¶ 34.) And Plaintiff reasserts her TILA claim from her 2012 case, alleging that "BONY never sent Plaintiff any notice or other advised [sic] the Plaintiff that it was the new secured creditor of Plaintiff's mortgage loan," in violation of 15 U.S.C. § 1641(g). (*Id.* ¶ 48.) Plaintiff finally brings a claim for declaratory relief, requesting an order from this Court declaring that BANA and BONY did not comply with the

---

[3] In Defendants' Brief in Support of their Motion to Dismiss, they maintain that "there has been no foreclosure sale." (Resp. at 12, Doc. 9-1.) The Court cannot consider this statement in Defendants' Brief when ruling on their Motion to Dismiss. The Court notes, however, that in her Response Brief, Plaintiff does not dispute that no foreclosure sale has occurred. If in fact no foreclosure sale has occurred in this case, then Plaintiff's representation in her Amended Complaint, which she re-alleges in her proposed Second Amended Complaint, that BANA and BONY conducted a foreclosure sale may warrant sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11. At this juncture, however, the Court assumes, as it must, that Plaintiff's allegations in her First Amended Complaint are true.

terms of the Security Deed when it did not provide proper notice of acceleration. (*Id.* ¶¶ 21, 25.)

### III.  ANALYSIS

Defendants moved for dismissal on a number of grounds.  Most significantly for purposes of the Magistrate Judge's Report and Recommendation, Defendants maintained that Plaintiff's breach of contract claim asserts "nothing more than non-specific formulaic recitation of the elements of the alleged breach, and therefore fail under Rule 8(a) [of the Federal Rules of Civil Procedure.]"

The Magistrate Judge issued a Report and Recommendation on February 11, 2015.  The Magistrate Judge finds that Plaintiff's Complaint adequately alleges a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g), which provides that, when "a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer" within 30 days of the transfer.  No party objected to this recommendation, and the Court finds no clear error.  Accordingly, the Court **ADOPTS** this portion of the R&R as the opinion of the Court and **DENIES** the Motion to Dismiss as to Plaintiff's TILA claim.

The Magistrate Judge then recommends granting Defendants' Motion to Dismiss Plaintiff's Breach of Contract claim, FDCPA and GFBPA claims, and request for declaratory judgment, each for the same basic reason.  Each of these claims center on the allegation that Defendants failed to notify Plaintiff at least

30 days in advance that they were considering acceleration of the debt, as required under paragraph 22 of the Security Deed. The Magistrate Judge finds that, to sufficiently allege more than the conclusory allegation of lack of notice, Plaintiff must not simply describe the contents of the letter she received in vague terms. She relies on a recent unpublished Eleventh Circuit opinion involving a nearly identical breach of contract claim. *See Hall v. HSBC Mortg. Servs.*, 581 F. App'x 800, 802 (11th Cir. 2014).[4]

In both *Hall* and this matter, the plaintiff alleged a breach of paragraph 22 of the Security Deed, which requires advance notice before acceleration and foreclosure. Specifically, in both cases, the plaintiff alleged that "[n]one of the letters issued to plaintiff [by the bank] contained a date, not less than 30 days from the date notice was given to plaintiff, by which the default was required to be cured; and that failure to cure default on or before the date specified in the notice may result in acceleration of the sums secured by the Security Deed and sale of the Property." (*Compare Hall v. HSBC Morg. Servs.*, No. 1:13-cv-1964-WSD (Doc. 13-1 ¶15) (N.D. Ga. Nov. 8, 2013), *with* Am. Compl. ¶ 14 (providing an identical allegation).) The Eleventh Circuit in *Hall* affirmed the district court's dismissal of the breach of contract claim. "Although Hall claims that the letters and notices HSBC sent to him did not comply with the notice requirements of the security deed, Hall nowhere provides the actual content of those letters and did

---

[4] The plaintiff's counsel in *Hall* and Plaintiff's counsel here is Natalie Rowland.

not attach them as exhibits to his proposed amended complaint." *Hall*, 581 F. App'x at 802.

The Magistrate Judge recommends dismissing Plaintiff's breach of contract claim because, just as in *Hall*, Plaintiff failed to attach the allegedly offending notices. And she logically explains that if the breach of contract claim is not viable, then neither are Plaintiff's remaining claims.

Plaintiff did not lodge a specific objection to the Magistrate Judge's Report and Recommendation. Instead, she filed a Motion to Amend the Complaint to cure this deficiency identified by the Magistrate Judge. She asks the Court to "construe Plaintiff's motion for leave to amend as an objection." (Doc. 14 at 2.)

The Court finds no basis to "construe" Plaintiff's Motion to Amend as an objection. In fact, by seeking an amendment to the Complaint without lodging any substantive objections, Plaintiff appears to concede that the Magistrate Judge's recommendation is correct. Plaintiff has failed to lodge a specific objection to any finding or recommendation of the Magistrate Judge, and thus the Court reviews the Magistrate Judge's decision for clear error. *See United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) ("A party that wishes to preserve its objection [to an R&R] must clearly advise the district court and pinpoint the specific findings the party disagrees with.") The Court finds no clear error. For this reason, the Court **ADOPTS** the Magistrate Judge's recommendation to grant Defendant's motion to dismiss. The Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES** Plaintiff's breach of contract,

FDCPA, GFBPA, and declaratory judgment claims, except to the extent the Court grants Plaintiff's Motion to Amend.

The Court notes, however, that it is not clear whether Plaintiff's Proposed Second Amended Complaint would cure the deficiencies identified in the Magistrate Judge's R&R. On one hand, Plaintiff's proposed Second Amended Complaint incorporates a copy of a 2012 notice "which mirrors the 2014 Notice" that is the basis of her claims here. (Proposed 2d Am. Compl. ¶ 12, Doc. 13-1.) Plaintiff's proposed Amended Complaint also expressly alleges that BANA and BONY "accelerated the debt, without prior notice to the Plaintiff." (2d Proposed Compl. ¶ 29.) These allegations combined appear sufficient to plausibly allege that Defendant failed to comply with the contractual condition precedent of prior notice before proceeding with the foreclosure sale.

On the other hand, Defendants' response to Plaintiff's Motion to Amend attaches what appears to be a pre-acceleration notice that predates the acceleration of Plaintiff's loan by more than 30 days. In deciding whether to grant Plaintiff's request to amend her Complaint at this stage of litigation, the Court may consider this pre-acceleration notice. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). The pre-acceleration notice certainly calls into question the allegation in Plaintiff's proposed amended complaint that she never received such notice.

Moreover, although Plaintiff alleges in her First and proposed Second Amended Complaints that a foreclosure sale has occurred, Defendants assert

9

otherwise in their Brief in Support of their Motion to Dismiss, and Plaintiff does not counter this assertion in her Response Brief. Assuming no foreclosure sale has actually occurred in this case, Plaintiff's First and proposed Second Amended Complaints fail to allege facts rendering plausible her assertion that she incurred any injury as a result of Defendants' alleged failure to provide pre-acceleration notice. Plaintiff alleges only that she suffered "damage to her credit and reputation," but one is hard-pressed to divine how Plaintiff suffered such damage based on the factual allegations in the Complaints.[5]

On a final note, the Court warns Plaintiff and her counsel that they may face sanctions if Plaintiff alleges in her Complaint facts that have no basis in reality and if they have failed to conduct a reasonable inquiry as to the truth or falsity of such facts. *See* Fed. R. Civ. P. 11. (*See also supra* note 3.) In particular, Plaintiff or her counsel will face potential sanctions if they pursue the Motion to Amend the Complaint knowing that some facts contained therein are untrue — as, for example, the allegation that a foreclosure sale has taken place or that Defendants did not send a timely pre-acceleration notice.

---

[5] The Court does not decide now whether Plaintiff's proposed Second Amended Complaint would be futile as to any of her claims. The Court notes, though, that if Plaintiff adequately alleges that she did not receive a pre-acceleration notice, her failure to adequately allege damages would not render futile her proposed declaratory judgment claim. *See Sweeney v. Am. Home Mortg. Serv., Inc.*, No. 4:10-cv-111, 2011 WL 710986, at *4 (S.D. Ga. Feb. 22, 2011) (holding that the bank's failure to comply with the notice requirement for acceleration, which is tied to the right to foreclose, warrants a declaratory judgment that the bank did not presently have the right to foreclose).

## IV. CONCLUSION

The Court does not construe Plaintiff's Motion to Amend the Complaint as an objection to the R&R, and thus finds that Plaintiff has not lodged a sufficient objection warranting consideration.[6]  Finding no clear error in the Magistrate Judge's R&R, the Court **ADOPTS** the R&R as the opinion of the Court.  The Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss [Doc. 9].  Plaintiff may proceed with her TILA claim, but all other claims are **DISMISSED**, except to the extent the Court allows amendment.

At this time, the Court does not rule on the Motion to Amend.  As the Court cautioned above, however, Plaintiff **SHALL NOT** seek an amendment to the Complaint to the extent she or her counsel know that such amendment contains factually untrue allegations, and will face potential **SANCTIONS** if they nonetheless proceed in this manner.  Plaintiff's counsel is therefore **DIRECTED** to review the allegations in the proposed Second Amended Complaint with her client on or before March 30, 2015.  If any of the allegations are false, Plaintiff **SHALL** file a notice of withdrawal of her Motion to Amend on or before April 2, 2015, without prejudice to Plaintiff's right to file a revised Motion to Amend, provided such revised motion is filed within five (5) days of the withdrawal.

This matter is **REFERRED** to the Magistrate Judge for further proceedings.

---

[6] Accordingly, the Court **DENIES AS MOOT** Defendants' Motion to Strike Plaintiff's Objections [Doc. 16].

11

**IT IS SO ORDERED** this 23rd day of March, 2015.

_____
**Amy Totenberg
United States District Judge**